UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 01-12974 (SMB) |
| | : | (Substantively Consolidated) |
| TELIGENT INC. *et al.*, | : | |
| | : | |
| Debtors. | : | |

---------------------------------------------------------------X

| | | |
|---|---|---|
| SAVAGE & ASSOCIATES, P.C., as the | : | |
| Unsecured Claim Estate Representative for and | : | |
| on behalf of TELIGENT, INC., *et al.*, | : | |
| | : | |
| Plaintiff, | : | Adv. Proc. No. 03-03187 |
| | : | |
| -- against -- | : | |
| | : | |
| 1201 OWNER CORP., *et al.*, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER VACATING
## DEFAULT JUDGMENT AND DISMISSING COMPLAINT

**A P P E A R A N C E S :**

LEVI, LUBARSKY & FEIGENBAUM, LLP
Attorneys for 1737 North First Street Corp.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036

      Walter E. Swearingen, Esq.
         Of Counsel

SAVAGE & ASSOCIATES, P.C.
Unsecured Claim Estate Representative of Teligent, Inc., et.al.
50 Main Street, Suite 1000
White Plains, NY 10606

      Denise L. Savage, Esq.
         Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

Nearly eight years ago, the plaintiff obtained a default judgment against the defendant 1737 North First Street Corporation (the "defendant" or "1737 Corp."). The defendant has now moved to vacate the default judgment and dismiss the adversary proceeding, contending that the service of process was insufficient. (*Motion of Defendant 1737 North First Street Corporation to (A) Pursuant to Fed. R. Bankr. P. 9024, Vacate the Default Judgment Against Defendant 1737 North First Street Corporation; and (B) Pursuant to Fed. R. Bankr. P. 7004(A)(1) and 7012(B), Dismiss the Adversary Proceeding as Against 1737 North First Street Corporation*, dated Sept. 7, 2012 ("*Motion to Vacate*") (ECF Doc. # 37).)[1] The Court agrees, and for the reasons that follow, vacates the default judgment and dismisses the adversary proceeding as to 1737 Corp.

## BACKGROUND

At all relevant times, the debtor Teligent, Inc. was engaged in the telecommunications business. On May 21, 2001, Teligent, Inc. and certain of its affiliates (collectively "Teligent") filed chapter 11 petitions in this Court. Teligent confirmed a liquidating plan on September 5, 2002, and in accordance with the plan, the Official Committee of Unsecured Creditors selected Savage & Associates, P.C. ("Savage") as the Unsecured Claim Estate Representative to, among other things, pursue avoidance actions on behalf of the unsecured creditor constituency.

As part of its business, Teligent operated antennas on space leased from property owners including, 1737 Corp. (*Motion to Vacate* at ¶ 4.) On May 12, 2003, Savage commenced a preference action against 1737 Corp. and seventeen other defendants to recover transfers made within ninety days of the petition date. (*Complaint*, dated Apr. 21, 2003 (ECF Doc. # 1).) A

---

[1] "ECF" refers to the docket in this adversary proceeding while "ECF/Main Case" refers to the docket in Case No. 01-12974.

schedule attached to the *Complaint* indicated that 1737 Corp. received the following transfers

aggregating $30,558.00 from Teligent:

| Invoice Date | Invoice Amount | Date of Check | Amount of Payment |
|---|---|---|---|
| 3/1/2001 | 315.00 | 3/1/2001 | 315.00 |
| 3/1/2001 | 14,430.00 | 3/1/2001 | 14,430.00 |
| 3/1/2001 | 534.00 | 3/1/2001 | 534.00 |
| 4/1/2001 | 315.00 | 4/2/2001 | 315.00 |
| 4/1/2001 | 14,430.00 | 4/2/2001 | 14,430.00 |
| 4/1/2001 | 534.00 | 4/2/2001 | 534.00 |
| | | | **30,558.00** |

According to 1737 Corp., the payments represented the monthly rental for the antenna space.

(*See Motion to Vacate* at ¶ 4.)

Savage purported to serve all eighteen defendants in the avoidance action by mailing a

*single* copy of the summons and complaint only to the first-named defendant, "1201 Owner

Corp., c/o Insignia/ ESG, 1015 15th St., NW, Suite 1000, Washington, DC 20005."  (*See Savage

& Associates, P.C.'s Objection to 1737 North First Street Corporation's Motion to (A) Pursuant

to Fed. R. Bankr. P. 9024, Vacate the Default Judgment Against Defendant 1737 North First

Street Corporation; and (B) Pursuant to Fed. R. Bankr. P. 7004(a)(1) and 7012(b), Dismiss the

Adversary Proceeding as Against 1737 North First Street Corporation* ("*Objection*"), dated Oct.

3, 2012, Ex. B (ECF Doc. # 40).)  The summons and complaint mailed to Insignia/ESG, who

was also a defendant, was returned to Savage as non-deliverable, and on August 8, 2003, Savage

served a new summons and complaint by again mailing them to "1201 Owner Corp. c/o

Ingiginia/ESG [*sic*] Corporation Service Company 1090 Vermont Ave., Washington, DC

20005."  (*Objection*, Ex. C.)

3

This time, the summons and complaint were not returned, (*Objection* at ¶ 6), and Savage proceeded to prosecute the adversary proceeding.  In July 2003, she filed a motion to compel all of the defendants to engage in mandatory mediation, and served the motion on 1737 Corp. by mailing a copy to "1201 Owner Corp., c/o Ingiginia/ESG [*sic*], 1090 Vermont Ave., N.W., Washington, DC 20005," (*Certificate of Service of Notice of Mediation*, dated July 25, 2003, at 77 of 126 (ECF Doc. # 6)), and to "1201 Owner Corp., c/o Ingiginia/ESG, Corporation Service Company, 1090 Vermont Ave., Washington, DC 20005." (*Supplemental Certificate of Service of Notice of Mediation*, dated Aug. 8, 2003 (ECF Doc. # 8).)  On February 3, 2004 the Court entered an order granting the motion for mandatory mediation.  (*Order Approving Mediation Procedures and Appointing a Mediator*, dated Feb. 3, 2004 ("*Mediation Order*") (ECF/Main Case Doc. # 1806).)

Most of the defendants, including 1737 Corp., did not respond to the mediation motion or comply with the ensuing *Mediation Order*.  In fact, according to the docket, no defendant filed an answer or motion directed at the *Complaint*, and only one defendant, 1201 Owner Corp., the sole named addressee on the envelope containing the summons and complaint, appeared (and ultimately settled).  (*See Stipulation of Settlement Agreement*, dated Sept. 11, 2003 (ECF Doc. # 13).)  Yet with one exception, Savage did not seek to enter default judgments against any of the defendants for this reason.[2]  Instead, she moved to hold 1737 Corp. and thirteen other defendants in contempt of the *Mediation Order* (the "*Contempt Motion*"),[3] (*Objection* at ¶ 6), and on September 20, 2004, the Court granted the motion.  (*See Order Respecting Contempt Motion Related to Mandatory Mediation*, dated Sept. 20, 2004 ("*Contempt Order*") (ECF Doc. # 21).)

---

[2]        The Court had previously entered a default judgment against Northsight Financial Office PK.  (*Default Judgment*, dated Oct. 14, 2004 (ECF Doc. # 20).)

[3]        The docket does not reflect that the *Contempt Motion* was ever filed, and there is no affidavit of service.

Among other things, the *Contempt Order* struck the answers of the defendants who failed to file an objection to the contempt motion or appear at the hearing.  The recalcitrant defendants were identified in Exhibit A to the *Contempt Order* and included fourteen of the eighteen defendants in the adversary proceeding.  Savage served 1737 Corp. with the *Contempt Order* by mailing a copy to "1737 North First St Corp., c/o Insignia/ESG, Inc., Dept.00049 PO Box 39000, San Francisco, CA 94120."  (*See Objection*, Ex. D, at p. 13 of 21.)  This was the first time Savage addressed a mailing to 1737 Corp. by name albeit to a post office box "in care of" another corporate entity.  The *Contempt Order* was not returned as undeliverable.  (*Objection* at ¶ 6.)

Savage eventually moved for the entry of a default judgment based upon the striking of 1737 Corp.'s "answer" under the *Contempt Order.*  As a result, on April 18, 2005, the Court entered a default judgment against 1737 North First St. Corp. in the sum of $30,588 (the "Judgment").  (*Default Judgment*, dated Apr. 18, 2005 (ECF Doc. # 32).)  On the same day, the Court entered default judgments against thirteen other defendants.[4]  (*See* ECF Doc. ## 22-31, 33-36.)[5]

Seven years passed without any apparent effort to collect the Judgment.  Then, on June 27, 2012, Savage wrote to 1737 Corp. at "1737 North First St. Corps, 1737 N. 1st St., San Jose, CA 95112."  (*Motion to Vacate*, Ex. G.)  The letter enclosed the Judgment and demanded that 1737 Corp. remit payment in its amount, $30,558.00 plus interest, within ten business days.  The defendant initially responded by letter dated July 16, 2012, (*Motion to Vacate*, Ex. H), and on

---

[4]      Savage submitted and the Court signed separate default judgments each in the amount of $800 against Pacific State Investors and Pacific State Investors, LLC.  (*See* ECF Doc. ## 25, 29.)  These appear to be the same defendants.

[5]      Only two of the defendants, DC 17th Street Corporation and Figueroa Plaza, remain unaccounted for.  The docket does not reflect an answer, a settlement or a default judgment as to either.

September 7, 2012, filed the *Motion to Vacate*.  The motion seeks to vacate the Judgment and

dismiss the *Complaint* as against 1737 Corp., contending that Savage failed to serve 1737 Corp.,

and failed, therefore, to acquire personal jurisdiction over it.

## DISCUSSION

### A.    Motion to Vacate

Rule 60(b)(4) of the Federal Rules of Civil Procedure, made applicable to this adversary

proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure provides that "the court

may relieve a party . . . from a final judgment" if "the judgment is void."  "A judgment is void

under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it

lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent

with due process of law.'"  *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 193 (2d Cir. 2006)

(quoting *Texlon Corp. v. Mfrs. Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979),

*cert. denied*, 549 U.S. 1114 (2007).  "A motion under Rule 60(b)(4) 'is unique . . . in that relief is

not discretionary and a meritorious defense is not necessary as on motions made pursuant to

other 60(b) subsections.'"  *Orix Fin. Servs., Inc. v. Thunder Ridge Energy, Inc.*, 579 F. Supp. 2d

498, 502 (S.D.N.Y. 2008), *aff'd in part and vacated in part on other grounds sub nom.*, *Orix Fin.

Servs., Inc. v. Cline*, 369 Fed. Appx. 174 (2d Cir. 2010).  The motion must be granted if service

of process was insufficient because "[b]efore a federal court may exercise personal jurisdiction

over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni

Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Service of process must satisfy not only the rule under which service is made but also the

constitutional requirement of due process.  *Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir.

1986).  To satisfy due process, the plaintiff must provide "notice reasonably calculated, under all

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust, Co*., 339 U.S. 306, 314 (1950). "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315; *accord Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 224 (2d Cir. 2012); *see Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988) ("The proper inquiry is whether the . . . [party giving notice] acted reasonably in selecting means likely to inform persons affected, not whether . . . [the party entitled to notice] actually received notice."), *cert. denied*, 488 U.S. 1005 (1989).

The Federal Bankruptcy Rules offer several alternative methods to serve process on a corporation, including service by first class mail. Rule 7004(b)(3), which Savage utilized in this case, states:

> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
>
> . . .
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

The requirement to direct the mailing to the attention of "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process" "is intended to ensure that the summons and complaint expeditiously reaches the

appropriate decision maker in the organization." *Gowan v. HSBC Mortg. Corp. (USA) (In re Dreier LLP)*, Adv. No. 10-5456 (SMB), 2011 WL 3047692, at *2 (Bankr. S.D.N.Y. July 22, 2011); *accord Green Tree Fin. Serv. Corp. v. Karbel (In re Karbel)*, 220 B.R. 108, 113 (B.A.P. 10th Cir. 1998); *cf.* FED. R. CIV. P. 4 advisory committee's note (1993) (discussing request for waiver of service of process). "[S]ervice not directed to the attention of anybody in particular is not sufficient." *In re GST Telecom, Inc.*, No. 00-1082 GMS, 2002 WL 1737445, at *6 (D. Del. July 29, 2002) (quoting *In re Ass'n of Volleyball Prof'ls*, 256 B.R. 313, 317 (Bankr. C.D. Cal. 2000)); *accord In re Starlite Houseboats, Inc.*, 426 B.R. 375, 382 n. 6 (Bankr. D. Kan. 2010).

The same rule applies to service on a corporate agent. Service on an authorized corporate agent without directing the mailing to an officer or appropriate individual agent is insufficient under Rule 7004(b)(3), *see In re Houlik*, No. 09-12159, 2011 WL 4459099, *2 n. 15 (Bankr. D. Kan. Sept. 25, 2011), *rev'd on other grounds*, 481 B.R. 661 (B.A.P. 10th Cir. 2012); *see generally* 4A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1104, at 585 (3d ed. 2002) ("Principles of agency also permit one corporation or business organization to be the agent of another institution so that service of process on an officer or on a managing or general agent of one organization can be valid service on another . . . . "), absent an express designation by the defendant to make service in that manner. *See Price v. Am.'s Serv. Co. (In re Price)*, 377 B.R. 224, 228 (Bankr. E.D. Ark. 2007); *Cruisephone, Inc. v. Cruise Ships Catering & Servs. N.V. (In re Cruisephone, Inc.)*, 278 B.R. 325, 332 (Bankr. E.D.N.Y. 2002)*; Ms. Interpret v. Rawe Druck–Und–Veredlungs–GMBH (In re Ms. Interpret)*, 222 B.R. 409, 415 (Bankr. S.D.N.Y. 1998).

Here, Savage mailed the summons and complaint to Insignia/ESG. Assuming that Insignia/ESG was authorized to receive process for 1737 Corp. (the defendant has not denied its

authority), Insignia/ESG is itself a corporation, and the mailing was not directed to anyone in particular.  Savage did not include "1737 North First St Corp." in an address until she mailed the *Contempt Order*, and even then, she addressed the notice "c/o Insignia/ESG, Inc., Dept.00049, PO Box 39000, San Francisco, CA 94120."  (*Objection*, Ex. D, at p. 13 of 21.)  Mailing process to a corporation's post office box without directing it to the attention of the proper agent does not satisfy Rule 7004(b)(3), *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 92-93 (B.A.P. 9th Cir. 2004); *Velarde v. Educ. Credit Mgmt. Corp. (In re Velarde)*, Adv. No. 08-1475, 2009 WL 2614688, at *1 n. 1 (Bankr. E.D. Va. Aug. 23, 2009); *Golden v. Guardian (In re Lenox Healthcare, Inc.)*, 319 B.R. 819, 821-22 (Bankr. D. Del. 2005), and does not give rise to a presumption that the appropriate person within the organization received actual knowledge of the suit.  *Villar*, 317 B.R. at 94.  Moreover, even if the mailing of the *Contempt Order* provided actual notice of the adversary proceeding, it did not cure the insufficient service of process and confer personal jurisdiction.  *See Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir.), *cert. denied*, 502 U.S. 968 (1991).

Furthermore, Savage's failure was not a mere technical violation of a Bankruptcy Rule; the method of notice deprived 1737 Corp. of due process of law.  Savage sued eighteen unrelated defendants, including Insignia/ESG, and mailed process only to "1201 Owner Corp. c/o Insignia/ESG."  She did not address a mailing in the name of 1737 Corp. "c/o Insignia/ESG," or send the summons and complaint directly to the defendant.  By Savage's logic, the mail room clerk that received the envelope containing the summons and complaint at Insignia/ESG's headquarters was expected to open it, peruse the list of defendants, conclude that the mailing was also intended for 1737 Corp., and forward the summons and complaint to 1737 Corp. in San Jose, California where it is located.  That Savage's method of service failed to provide adequate

notice is evident from the fact that seventeen of the eighteen defendants defaulted.[6]  In short, the

method of service was not reasonably calculated to provide 1737 Corp. with notice or an

opportunity to be heard.

Accordingly, the Court never acquired personal jurisdiction over 1737 Corp., the

Judgment is void, and it is vacated.

## B.      Motion to Dismiss

As a result of the foregoing, more than 120 days have elapsed since the commencement

of the action without effective service of process.  In fact, more than nine years have elapsed.

Rule 4(m) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding

by Rule 7004(a)(1), directs the Court to dismiss the adversary proceeding without prejudice

unless the Court extends the time for service:

> If a defendant is not served within 120 days after the complaint is filed, the
> court—on motion or on its own after notice to the plaintiff—must dismiss the
> action without prejudice against that defendant or order that service be made
> within a specified time.  But if the plaintiff shows good cause for the failure, the
> court must extend the time for service for an appropriate period.

The plaintiff has the burden of showing that an extension is warranted.  *See Bachenski v.*

*Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993).  "Good cause" is generally found only in

exceptional circumstances beyond the plaintiff's control, *U.S. Sec. & Exch. Comm'n v. Shehyn*,

No. 04 Civ.2003(MBM), 2005 WL 2990643, at *2 (S.D.N.Y. Nov. 7, 2005); *Feingold v. Hankin*,

269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003); *E. Refractories Co., Inc. v. Forty Eight Insulations,*

---

[6]      As stated earlier, the only defendant that appeared in the adversary proceeding was 1201 Owner Corp., the
only defendant actually named in the mailing's address.  Savage also mailed the summons and complaint to 1201
Owner Corp. c/o CT Corporation System.  (*Objection*, Ex. B, at p. 131 of 153.)  The service on CT Corporation, a
professional registered agent, rather than the service on Insignia/ESG, may explain why 1201 Owner Corp.
appeared.

*Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999), and the decision turns on "(1) whether the delay

resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2)

prejudice to the defendant, and (3) whether the plaintiff has moved for an enlargement of time to

effect service under Rule 6(b) of the Federal Rules of Civil Procedure." *Echevarria v. Dep't of

Corr. Servs.*, 48 F. Supp. 2d 388, 392 (S.D.N.Y. 1999); *accord Coram Healthcare Corp. v.

Cigna*, No. 00 Civ. 2677(RMB), 2002 WL 32910044, at *8 (S.D.N.Y. July 24, 2002).

        In the absence of "good cause," the extension *may* still be granted in the exercise of

discretion.  *See Zapata v. City of New York,* 502 F.3d 192, 196 (2d Cir. 2007), *cert. denied*, 552

U.S. 1243 (2008).  Four factors inform that decision:

> 1) whether the statute of limitations would bar a re-filed action, 2) whether the
> defendant had attempted to conceal the defect in service, 3) whether the defendant
> would be prejudiced by excusing the plaintiff from the time constraints of the
> provision, and 4) whether the defendant had actual notice of the claims asserted in
> the complaint.

*Feingold,* 269 F. Supp. 2d at 277; *accord Orix Fin. Servs., Inc. v. 1st Choice Freight Sys., Inc.*,

No. 03 Civ. 9296(RMB), 2006 WL 2168332, at *4 (S.D.N.Y. July 31, 2006).  These factors

overlap with those pertaining to "good cause," and a court is not required to bifurcate or engage

in a two-step inquiry.  *Zapata*, 502 F.3d at 197.  Furthermore, all of the factors do not have to

point in the same direction.  *See Coram Healthcare,* 2002 WL 32910044, at *9 (granting

extension where although the statute of limitations had not run and the defendant had not

attempted to conceal a defect in service, the defendant had actual knowledge of the action and

would be prejudiced by untimely service).

        Savage has failed to demonstrate good cause, and in its absence, there is no reason to

extend her time to effect proper service.  This appears to be a case of attorney error which rarely

constitutes good cause.  *In re Dreier LLP*, 2011 WL 3047692, at *4.  It should have been

obvious that the service of process was insufficient; the only mailing was sent in the name of

"1201 Owner Corp." c/o Insignia/ESG.  No attorney could have reasonably believed that mailing

process only to the first named defendant in an eighteen defendant case complied with Rule

7004(b)(3) or was reasonably calculated to provide notice to the other defendants.  Furthermore,

the fact that seventeen out of eighteen defendants defaulted should have alerted Savage that there

was a problem with the service of process.  *Cf. Carl v. City of Yonkers*, No. 04 Civ. 7031(SCR),

2008 WL 5272722, at *5 (S.D.N.Y. Dec. 18, 2008) (Lynch, J.) (where there was no evidence

that individual defendants had been served and only one answer was filed on behalf of non-

individual defendants, "it would have been apparent to any competent attorney that service had

not been accomplished"), *aff'd*, 348 Fed. Appx. 599 (2d Cir. 2009).  Yet she never sought

additional time to make service.

It is true that the unsecured creditors will suffer prejudice if the adversary proceeding is

Moreover, it appears that Savage was not even aware that every defendant had defaulted

although a review of the electronic docket would have confirmed this.  Inexplicably, she sought

to enter a default judgment based on the failure to answer against only one defendant, Northsight

Financial Office PK.  As to fourteen other defendants, including 1737 Corp., Savage sought

default judgments only after they defaulted on the *Contempt Motion*, and the *Contempt Order*

struck their answers (which they never served).  In addition, the fifteen default judgments

predicated on the *Contempt Order* recited that each of the defendants had filed an answer.  (*See*

ECF Doc. ## 22-36.)

It is true that the unsecured creditors will suffer prejudice if the adversary proceeding is

dismissed because the statute of limitations will bar a new action.  Nevertheless, good cause does

not exist solely because the cause of action will be time-barred.  1 JAMES WM. MOORE ET AL.,

MOORE'S FEDERAL PRACTICE § 4.82[2], at 4-121 (3d ed. 2012). If "the dismissal without

prejudice in combination with the statute of limitations would result in a dismissal *with*

prejudice" the court may still decline to extend the time for service, "so long as there are

sufficient indications on the record that the district court weighed the impact that a dismissal or

extension would have on the parties." *Zapata*, 502 F.3d at 197. Furthermore, Savage did not

take any steps to enforce the Judgment for seven years. Her inaction implies that she did not

place much importance or value on collecting it.

On the other hand, 1737 Corp. will suffer prejudice if Savage is allowed to prosecute the

adversary proceeding. The lawsuit is approaching its tenth anniversary and concerns events that

occurred nearly twelve years ago. *See Zapata*, 502 F.3d at 198 ("It is obvious that any defendant

would be harmed by a generous extension of the service period beyond the limitations period for

the action, especially if the defendant had no actual notice of the existence of the complaint until

the service period had expired."). According to 1737 Corp., it did not learn about the Judgment

until it received Savage's demand letter in 2012 (*Motion to Vacate* at ¶ 19) from which I infer

that it did know about the adversary proceeding either. It certainly never attempted to conceal a

defect in service of which it was unaware.

Allowing Savage to continue to prosecute the preference claim after all these years will

place 1737 Corp. at a serious disadvantage. The transfers at issue appear to be contemporaneous

exchanges for new value, *see* 11 U.S.C. § 547(c)(1), or ordinary course transactions, *see* 11

U.S.C. § 547(c)(2), and the defendant bears the burden of proof on these defenses. (*See Reply in

Further Support of Defendant 1737 North First Street Corporation's Motion to (A) Vacate the

Default Judgment Against It; and (B) Dismiss the Adversary Proceeding as Against It*, dated

Nov. 7, 2012, at ¶¶ 14-15 (ECF Doc. # 43).) To establish its ordinary course of business

defense, 1737 Corp. must show that the transfers were consistent with the parties' prior practices. *See Savage & Assocs. v. Mandl (In re Teligent, Inc.)*, 380 B.R. 324, 340 (Bankr. S.D.N.Y. 2008). Its counsel represented at oral argument that the defendant no longer employs Insignia/ESG as its property manager, and it may be very difficult to muster the documentary and testimonial evidence needed to mount a defense after so many years. *City of Yonkers*, 2008 WL 5272722, at *6 ("To permit an extension of the service period now, *sua sponte,* more than four years after the complaint was filed, would require defendants to defend a lawsuit based on actions taken more than seven years ago."); *Rice v. Univ. of N.D. Sch. of Med. & Health Scis.*, No. 2:07-cv-11, 2008 WL 5145482, at *4 (D.N.D. Dec. 8, 2008) (recognizing the prejudice of an extension to a defendant who would be required to litigate events that occurred more than eight years earlier). Savage is responsible for the long delay, and in the absence of good cause, "no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata*, 502 F.3d at 198.

Accordingly, the Court will dismiss the *Complaint* and deny Savage's request to extend the time to serve process.

Settle order.

Dated: New York, New York
         January 3, 2013

/s/ *Stuart M. Bernstein*
      STUART M. BERNSTEIN
   United States Bankruptcy Judge